1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                            * * *

9    BENJAMIN RODRIGUEZ, an individual; and         Case No. 2:12-cv-02071-APG-VCF
     BENJAMIN RODRIGUEZ, M.D., P.C.,
10
                        Plaintiffs,                  **ORDER GRANTING MOTION TO
11                                                   REMAND**

12   v.

     PACIFIC LIFE INSURANCE COMPANY;
13   KENNETH R. HARSTEIN; ECONOMIC
     CONCEPTS, INC.; and CRAIG BILLINGS,
14
                        Defendants.
15

16

17          Plaintiff Benjamin Rodriguez ("Rodriguez") filed the underlying complaint on October 7,

18   2012 in the Eighth Judicial District Court for Clark County, Nevada. (*Id.* at 2.)  On December 4,

19   2012, defendant Pacific Life Insurance Company ("Pacific") removed the case to this court. (Dkt.

20   No. 1.)  On May 29, 2013, Rodriguez and Pacific jointly moved to dismiss Pacific from the case

21   because they had settled. (Dkt. No. 49.)  The next day, the Court granted the motion to dismiss

22   and Rodriguez filed a motion to remand (the "Motion"). (Dkt. Nos. 50, 52.)  On June 14,

23   defendants Economic Concepts, Inc. ("ECI") and Kenneth R. Harstein ("Harstein") (collectively,

24   the "Foreign Defendants") responded to the Motion. (Dkt. No. 54.)  The Foreign Defendants

25   argued that defendant Craig Billings ("Billings"), a Nevada citizen, was fraudulently joined to

26   defeat diversity jurisdiction.  Rodriguez did not file a reply.

27          On September 6, 2013, the Court granted the Foreign Defendants' and Rodriguez's joint

28   motion to dismiss the Foreign Defendants because those parties had settled. (Dkt. No. 62.)

1  Consequently, Billings is the lone remaining defendant.  For the reasons set forth below, the

2  Court grants the Motion and remands this case to state court.

3       28 U.S.C. § 1441 governs the removal of civil actions from state to federal court.  The

4  statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

5  (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of

6  removal in the first instance."  *Id.*  "The 'strong presumption' against removal jurisdiction means

7  that the defendant always has the burden of establishing that removal is proper."  *Id.*  The

8  defendant must prove that removal was proper by clear and convincing evidence.  *Hamilton*

9  *Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

10       Diversity jurisdiction is a basis for removal.  28 U.S.C. § 1441(b).  It requires that all

11  plaintiffs be "citizens of different states" from all defendants (i.e., "complete diversity") and that

12  the amount in controversy exceed $75,000.  *Id.* § 1332(a)–(b).  As Rodriguez and Billings are

13  both Nevada citizens, this Court does not have diversity jurisdiction.  Because Billings is the sole

14  remaining defendant and because he did not oppose the Motion, it is unnecessary for the Court to

15  address whether he was fraudulently joined.

16       Accordingly, the Court hereby GRANTS the motion to remand.

17       DATED this 7th day of October, 2013.

18

19                                     _____

20                                    ANDREW P. GORDON
                                   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28